1  Steven L. Zelig, Esq., SBN 94654
   Alan D. Shewell, Esq., SBN 138705
2  BRENTWOOD LEGAL SERVICES, LLP
   11661 San Vicente Boulevard, # 1015
3  Los Angeles, California 90049
   Tel.: (310) 442-6042
4
   Attorneys for Plaintiff CLAUDIO RADOCCHIA
5

6                    UNITED STATES DISTRICT COURT

7                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

8
   CLAUDIO RADOCCHIA,                )   CASE NO. LA 09 CV 1680 SJO (RCx)
9                                     )
         Plaintiff,                   )   (Assigned to Judge S. James Otero;
10                                    )   Magistrate Rosalyn M. Chapman)
      vs.                             )
11                                    )   [~~PROPOSED~~]
                                      )   PROTECTIVE ORDER
12 CITY OF LOS ANGELES; SONIA         )
   POWELL; JASON POWELL; LOS          )
13 ANGELES POLICE DEPARTMENT, A       )      NOTE: CHANGES MADE BY
   DIVISION OF CITY OF LOS ANGELES;   )      THE COURT
14 DISTRICT ATTORNEY'S OFFICE FOR     )
   THE CITY OF LOS ANGELES; MONICA    )
15 MCPARTLAND; ROCKARD J.             )
   DELGADILLO; MICHELLE LIM; THE      )
16 NEIGHBORHOOD SCHOOL;               )
   and DOES 1 through 200, inclusive, )
17                                    )
         Defendants.                  )
18                                    )
   _____
19

20       Based on the stipulation of the parties, and good cause appearing, the Court hereby issues

21  the following protective order:

22       1.     In connection with discovery proceedings in this action, the parties may designate

23  any document, thing, material, testimony or other information derived therefrom, as "Confidential"

24  under the terms of this Stipulated Protective Order (hereinafter "Order").  For the purpose of this

25  stipulation, confidential information is information which has not been made public and which is

26  protected by rights of privacy of the parties and/or third parties, school, employment and medical

27  records of parties and/or third parties (including but not limited to information protected under

28  HIPPA), and/or which is otherwise protected as official information.

2. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c). Confidential documents shall be so designated by information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in 26 part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   (c) court reporter(s) and Court personnel;

1    (d) a witness at any deposition or other proceeding in this action; and

2    (e) any other person as to whom the parties in writing agree.  Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-- Subject to Court Order" and filed under seal, pursuant to Local Rule 79-5 et seq., until further order of this Court.

10. In the event that any Confidential Material is used in any court proceeding in this action, the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12. This Order shall be without prejudice to the right of the parties (i) to bring before the Court subject to Local Rule 37 the question of whether any particular document or information is confidential or whether its use should be restricted or (ii)   to present a motion pursuant to Local Rule 37 to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.   Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. The protection afforded by this Order shall be dissolved at the time of trial.   Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.  The Court shall retain jurisdiction for 30 days from Judgment or dismissal to resolve any dispute concerning the use of information disclosed hereunder.

It is so ordered, as amended in paragraphs 2, 5, 10, 11, 12 and 14.

DATED: September 22, 2009         _/S/ Rosalyn M. Chapman____
                                  Hon. Rosalyn M. Chapman
                                  United States Magistrate Judge

[PROPOSED] PROTECTIVE ORDER

3